Loubaba **ALZARKA**, Appellant,

v.

**The STATE of Texas.**

No. 1936–01.

Court of Criminal Appeals of Texas, En Banc.

Nov. 27, 2002.

**22.** *Id.* at 816.

Bob Wicoff, Houston, for Appellant.

Stephen C. Taylor, Attorney Pro Tem, Galveston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

Appellant was charged by indictment with two counts of possession of a controlled substance, specifically one gram or more but less than four grams of cocaine, and four grams or more but less than 200 grams of "phencyclidine" [sic, phencyclidine], alleged to have occurred on or about January 16, 1999. After the trial court denied her motion to suppress evidence, appellant plead guilty pursuant to a plea agreement with the state and signed a plea form which included a waiver of the right to appeal. Thereafter the trial court found enough evidence to find guilt, but deferred adjudication and placed appellant on community supervision for five years with a $1,500 fine assessed for each count.

With the trial court's permission, appellant appealed. She raised three points asserting error in overruling her suppression motion and claiming legally insufficient evidence to sustain the allegations in the indictment's second count. The court of appeals held that appellant's written pretrial waiver was valid and enforceable and dismissed her appeal. *Alzarka v. State*, 60 S.W.3d 203 (Tex.App.-Houston [14th Dist] 2001).

We granted review of appellant's sole complaint to consider whether her written waiver of appeal was involuntary where the trial court specifically granted permission to appeal and all of the parties involved agreed that she could appeal. We find that she did not waive her right to appeal.

The record contains two documents, one for with each count, titled "Defendant's Plea of Guilty, Waiver, Stipulation & Judicial Confession." Each document includes language stating:

> I further understand that in the event I am convicted I have the legal right of appeal to the Court of Criminal Appeals of Texas, and also the right to be represented on appeal by an attorney of my choice or if I am too poor to pay for such attorney or the record on appeal, the Court will, without expense to me, provide any attorney and a property [sic] record for such an appeal, but after consulting with my attorney, I voluntarily, knowingly and intelligently, waive my right to appeal.

The record reflects that, during the plea proceeding, the trial court stated that appellant had signed some papers indicating that she was waiving "certain rights, including [her] right to a jury trial, right to remain silent and right to be confronted with the witnesses against [her]," and appellant indicated that she understood those rights and voluntarily waived them. No mention was made of waiving her right to appeal. To the contrary, the participants at the plea proceeding repeatedly agreed that appellant could indeed appeal. When the trial court asked about a plea agreement, the district attorney noted that it had been reduced to writing and recited

the state's recommendation. Appellant then personally affirmed to the trial court that what had been recited was her understanding of the plea agreement. Appellant's attorney then responded, "Of course, we're going to appeal this and so the dates that are listed as the deadlines for complying with probation would be—." The district attorney then interjected, "Moved back. They would be moved back six months on the restitution and two years on the fine." The trial court then stated, "That is certainly agreeable with me. And that's the entire agreement then?" Appellant's attorney then responded affirmatively, and the trial court stated, "I will accept the plea bargain agreement."

During the plea proceeding, after the trial court had briefly admonished appellant of her waiver of her rights to a jury trial, remain silent, and be confronted with the witnesses against her, the trial court stated, "And I understand you are probably going to appeal the ruling on the motion to suppress?" Appellant's attorney responded,

Yes, Your Honor. I've given the clerk, but it's not been filed yet, a notice of appeal which complies with the requirements of Appellate Procedure 26.2(a)(1). And I would just like to state on the record that this is an appeal from a judgment on a plea of guilty, that the punishment did not exceed the punishment recommended by the prosecutor and agreed to by us, that the substance of the appeal was raised by written motion and ruled on before trial. And I would like to specifically ask the Court to grant us permission to appeal.

The trial court responded, "Yes, all of that is true and you have my permission to do that." The district attorney did not object to the interpretation of the plea agreement or dispute any element of that discussion.

Notably, the trial court's brief admonishment of appellant as to her rights made no mention that appellant was waiving her right to appeal. To the contrary, the trial court indicated that it agreed that the dates for compliance with probation deadlines should be moved back while appellant appealed and specifically granted permission to appeal. Immediately after granting permission to appeal, the trial court mentioned that its understanding was that probation would not be effective until the mandate affirming the decision came back from the court of appeals. The trial court also said that it was satisfied with the bond that appellant was on and that she would continue with the same bond while her appeal was pending.

At the hearing on appellant's suppression motion, which had been held immediately before the plea proceeding, the following discussion occurred:

THE TRIAL COURT: I'm going to deny the motion. And I'll let you preserve it for appeal, certainly, because it certainly is a good point to appeal it on.
APPELLANT'S ATTORNEY: I appreciate it, Judge. And just because I'm a little uneasy about some of the current law, [the district attorney] and I have agreed that we are preserving the right to appeal this to the appellate court and if for some reason the appellate court decides that I have not properly preserved it here, our agreement is that—
THE DISTRICT ATTORNEY: That he will be able to withdraw his plea.
THE TRIAL COURT: If you do get it worked out, that's agreeable with me also, because I think this is a matter that needs to be tested by the appellate court.

Thus it is clear that appellant's attorney, the district attorney, and the trial court intended for appellant to have the right to appeal, that such was a term of the plea

agreement, and that the inclusion of, or failure to cross out, the language about waiving appeal in the plea forms was an oversight.

The state's brief before the court of appeals made no claim that appellant had waived her right to appeal. In fact, the state explicitly asserted, "Appellant preserved the issue of the search for appellate review by filing her pre-trial Motion to Suppress Evidence and obtaining an adverse ruling." In its statement of the case, the state also noted that "the Trial Court gave Appellant permission to appeal the Trial Court's denial of the Motion to Suppress Evidence." The opinion of the court of appeals addressed only the waiver language in the plea forms and the validity of pretrial waivers of appeal, saying that "[t]he issue we must consider in this appeal is whether appellant's waiver of the right to appeal was valid, even though it was entered 'prior to trial.'" It did not refer to any of the discussions about appellant retaining her right to appeal and gives no indication that the court of appeals was aware that appellant had the trial court's permission to appeal.

The state now argues, for the first time, that the trial court, in giving permission to appeal its ruling, has no duty to ensure that a defendant "doesn't waive his right to appeal by signing a plea agreement," or to ensure that a written notice of appeal is properly styled and timely filed, or that a defendant has properly preserved error for appeal and that those issues on appeal are the same as those asserted during a pretrial hearing. It also asserts that "[i]t is an appellant's responsibility to ensure that his appellate rights are protected."

In this case, the trial court consented on the record to an appeal by appellant, and the state's brief before the court of appeals admitted that the trial court gave appellant permission to appeal. During the proceedings, there were multiple discussions about an agreement for appellant to appeal and that the trial court would "let [appellant] preserve it for appeal ...." These discussions occurred on same day of the plea proceeding and reaffirmed that appellant was indeed permitted to appeal. We conclude that the record, in which the trial judge, the district attorney, and appellant's attorney repeatedly made statements agreeing that appellant would be permitted to appeal, directly contradicts and rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal.

Appellant's ground for review is sustained, and the cause is remanded to the court of appeals for consideration of the merits of appellant's appeal.