Opinion issued June 19, 2003







 


 


 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00385-CR

____________


CAROLYN F. QUINE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 921563






MEMORANDUM OPINION

 On February 27, 2003, appellant pleaded guilty to felony theft. Appellant
signed under oath a written waiver of constitutional rights, agreement to stipulate to
evidence, and judicial confession. The document provided, among other things, as
follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at three years
TDCJ-ID and I agree to that recommendation. . . . Further, I
waive any right of appeal which I may have should the court
accept the foregoing plea bargain agreement between myself and
the prosecutor.


The document was also signed by appellant's counsel, the prosecutor, and the trial
court.

 The trial court proceeded to find appellant guilty of felony theft and,
following the plea agreement, assessed punishment at confinement for three years. 
Despite having waived the right to appeal, appellant filed a pro se notice of appeal. 
The trial court's certification of appellant's right of appeal states that appellant
waived the right of appeal.

 There is nothing in the record indicating that appellant's waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave consent for an appeal. In fact, the contrary
is true. The trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615,
622 (Tex. Crim. App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex.
Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.]
2001, no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002)
(holding record, with numerous references to appeal from ruling on pretrial motion,
directly contradicted and rebutted any presumption raised by form waiver of right to
appeal, and trial court gave consent for appeal).

 Because the record in this case reflects that appellant's waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Higley.


Do not publish. Tex. R. App. P. 47.2(b).