IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,778 




EX PARTE DOUGLAS HUFF FLORES, Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM HARRIS COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Article 11.07, § 3, V.A.C.C.P. Applicant was convicted of the offense of
possession of marihuana and punishment was assessed at confinement for nine years. 
Appeal was dismissed. Flores v. State, No. 14-02-00560-CR (Tex. App. - Houston [14th],
delivered August 15, 2002, no pet.).

 Applicant's appeal was dismissed because Applicant signed a waiver form which
included waiver of appeal. Applicant contends that his plea was involuntary because he was
told that he could appeal the denial of a motion to suppress, and he would not have entered
a guilty plea otherwise. The record shows that the plea was pursuant to admonishments that
Applicant could appeal the denial of a motion to suppress. Applicant is entitled to relief. See
Alzarka v. State, 90 S.W.3d 321 (Tex. Crim. App. 2002).

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 900159 from the 178th District Court of Harris County. The proper
remedy in a case such as this is to return Applicant to the point at which he can give notice
of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued.


DELIVERED: October 15, 2003

DO NOT PUBLISH