Opinion issued August 31, 2004









                                                          

 



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00701-CR
____________

RITA HERNANDEZ WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 915423



 
MEMORANDUM OPINION
               Appellant, Rita Hernandez Walker, pleaded guilty to intoxication assault on
December 31, 2002. The trial court sentenced appellant to confinement for 10 years,
suspended the sentence, and placed appellant on community supervision for 10 years. 
The State subsequently filed a motion to revoke community supervision. 
               On May 20, 2004, appellant, her counsel, and the prosecutor signed a
stipulation of evidence that included, among others, the following statements:
PLEA BARGAIN: I intend to enter a plea of TRUE to these
allegations that I violated my supervision and understand that the
prosecutor will recommend that my punishment should be set at: 
5 years TDC; I agree to this recommendation.
 
WAIVER OF APPEAL: I ask the court to accept this plea
bargain agreement and understand that if the punishment assessed
does not exceed this recommendation, the court will not give me
permission to appeal. I hereby give up any and all rights that I
may have to appeal this case, including any right that I may have
to file a motion for new trial.

Appellant wrote her initials beside each of these statements.
               The trial court proceeded to find that the allegations in the State’s motion
to revoke were true and, following the plea agreement, sentenced appellant to five
years’ confinement. Appellant filed a pro se notice of appeal. The trial court’s
certification of appellant’s right of appeal states that this is a plea-bargained case and
appellant has no right to appeal.
               We hold that appellant also waived her right to appeal. The record indicates
that appellant’s waiver of her right to appeal was voluntarily, knowingly, and
intelligently made. The record also indicates that the trial court did not consent to an
appeal. The trial court’s judgment is stamped, “Appeal waived. No permission to
appeal granted.”
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403
(Tex. Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003).
               In Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002), the
Court of Criminal Appeals held that the record directly contradicted and rebutted any
presumption raised by the form waiver of the right to appeal. This case is unlike the
record presented in Alzarka in two important ways. The first is that appellant wrote
her initials beside the waiver language, affirmatively waiving her right to appeal. 
Second, unlike Alzarka, the trial court did not grant permission to appeal.
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed.
PER CURIAM
Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).