Opinion issued October 14, 2004










                                                          

 



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00954-CR
____________

JORGE LUIS MUNOZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 40,034 (Count I)



 
MEMORANDUM OPINION
               Appellant, Jorge Luis Munoz, pleaded guilty to possession of cocaine
weighing 400 grams or more on July 30, 2004. Contemporaneously with the plea,
appellant signed under oath a document entitled “Defendant’s Waiver of Right to
Appeal” that provided, in pertinent part:
I, the Defendant, have previously been admonished concerning
the right to appeal, to-wit: that if the punishment assessed by this
Court does not exceed the punishment recommended by the State
and agreed to by myself and my attorney, I must have the
permission of this Court before I may prosecute an appeal on any
matter in this case, except for those matters raised by written
motions prior to trial.
 . . .
 
With the knowledge and understanding of the above, I voluntarily
waive my right to file a . . . notice of appeal, . . . or any right to
appeal that I may have in this cause of action. 

               The trial court found appellant guilty of possession of cocaine and,
following the plea agreement, sentenced appellant to confinement for 15 years. 
Appellant filed a pro se notice of appeal. The trial court’s certification of appellant’s
right of appeal states that appellant waived the right to appeal.
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403
(Tex. Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003). The record indicates that appellant’s waiver of his right to appeal was
voluntarily, knowingly, and intelligently made. The record does not indicate that the
trial court consented to an appeal.
 
               In Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002), the
Court of Criminal Appeals held that the record directly contradicted and rebutted any
presumption raised by the form waiver of the right to appeal. This case is unlike the
record presented in Alzarka in two important ways. The first is that appellant signed
a document that waived only his right to appeal; that is, the waiver was not part of a
form waiver of multiple rights. Second, unlike Alzarka, the record does not reflect
that the trial court granted permission to appeal.
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed.
               All pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).