Opinion issued April 7, 2005










                                                          

 



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00070-CR
____________

FRANK JOSEPH DAYS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 957400



 
MEMORANDUM OPINION
               Appellant, Frank Joseph Days, pleaded true to the State’s motion to revoke
community supervision on December 10, 2004. Contemporaneously with the plea,
appellant, appellant’s counsel, and the prosecutor signed a stipulation of evidence that
included, among others, the following statements:
PLEA BARGAIN: I intend to enter a plea of TRUE to these
allegations that I violated my supervision and understand that the
prosecutor will recommend that my punishment should be set at:
2 [years] TDC[J] [and a] $1000 [fine]; I agree to this
recommendation.
 
WAIVER OF APPEAL: I ask the court to accept this plea
bargain agreement and understand that if the punishment assessed
does not exceed this recommendation, the court will not give me
permission to appeal. I hereby give up any and all rights that I
may have to appeal this case, including any right that I may have
to file a motion for new trial.

Appellant wrote his initials beside each of these statements.
               The trial court proceeded to find appellant violated the terms and conditions
of his community supervision and, following the plea agreement, sentenced appellant
to confinement for two years and a $1000 fine. Appellant filed a pro se notice of
appeal. The trial court’s amended certification of appellant’s right of appeal states
that appellant waived the right to appeal.
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403
(Tex. Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003). The record indicates that appellant’s waiver of his right to appeal was
voluntarily, knowingly, and intelligently made. The record also indicates that the trial
court did not consent to an appeal. The trial court’s judgment is stamped, “Appeal
waived. No permission to appeal granted.”
               In Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002), the
Court of Criminal Appeals held that the record directly contradicted and rebutted any
presumption raised by the form waiver of the right to appeal. This case is unlike the
record presented in Alzarka in two important ways. The first is that appellant wrote
his initials beside the waiver language, affirmatively waiving the right to appeal. 
Second, unlike Alzarka, the trial court did not grant permission to appeal.
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed.
PER CURIAM
Panel consists of Justices Taft, Keyes and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).