Opinion issued September 29, 2005
                                                          







 

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00762-CR
____________

EDWARD WATSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court 
Harris County, Texas
Trial Court Cause No. 1026161



 
MEMORANDUM OPINION
               Appellant, Edward Watson, pleaded guilty to the offense of unauthorized
use of a motor vehicle. In accordance with his plea bargain agreement with the State,
the trial court sentenced appellant to confinement for 148 days. Appellant filed a
timely notice of appeal. We dismiss for lack of jurisdiction.
                On July 19, 2005, appellant pleaded no contest to the offense of burglary
of a building with intent to commit theft. Appellant signed under oath a written
waiver of constitutional rights, agreement to stipulate to evidence, and judicial
confession. The document provided, among other things, as follows:
I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 148 days HCJ
and I agree to that recommendation. . . . Further, I waive any
right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the
prosecutor.

The document was also signed by appellant’s counsel, the prosecutor and the trial
court.
               The trial court proceeded to find appellant guilty of burglary of building
with intent to commit theft and, following the plea agreement, assessed punishment
at confinement for three years. Despite having waived the right to appeal, appellant
filed a pro se notice of appeal. The trial court’s certification of appellant’s right of
appeal states that appellant waived the right of appeal.
               There is nothing in the record indicating that appellant’s waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave his consent for an appeal. In fact, the
contrary is true. The trial court’s judgment is stamped, “Appeal waived. No
permission to appeal granted.”
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615
(Tex. Crim. App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding
the record directly contradicted and rebutted any presumption raised by the form
waiver with numerous references to appeal from ruling on pretrial motion and trial
court gave consent for appeal).
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 
               All pending motions are denied as moot.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).