In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-01186-CR
____________

ROLF ANTHONY BROOKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1022975 



 
MEMORANDUM OPINION
                On October 28, 2005, appellant, Rolf Anthony Brooks, pleaded guilty to 
the felony offense of possession of a controlled substance and pleaded true to the
allegations in two enhancement paragraphs that he had two prior felony convictions. 
Appellant signed under oath a written waiver of constitutional rights, agreement to
stipulate to evidence, and judicial confession. The document provided, among other
things, as follows:

I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 25 years and I
agree to that recommendation. . . . Further, I waive any right of
appeal which I may have should the court accept the foregoing
plea bargain agreement between myself and the prosecutor.



Contemporaneously with the plea, appellant wrote his initials beside each of these
written admonishments from the court:

If there is any plea bargaining agreement between the State and
you, the Court will inform you whether it will follow such
agreement before making any findings on your plea.

 
The court will permit you to withdraw your plea of guilty or nolo
contendre or true should it reject any plea bargaining agreement.

 
If the punishment assessed by the court does not exceed the
punishment recommended by the prosecutor and agreed to by you
and your attorney, the court must give its permission to you
before you may prosecute an appeal on any matter in this case
except those matters raised by you by written motion filed prior
to trial.



               In addition to the written admonishments from the court, appellant initialed
a document titled statement of the defendant that included the statement:

 
I understand the offense I am charged with, and my attorney has
discussed with me all the defenses, if any, I might have to these
charges and I am entering this plea freely and voluntarily, in the
exercise of my own good judgment.



The documents were signed by appellant, appellant’s counsel, the prosecutor and the
trial court.

               The trial court proceeded to find appellant guilty of possession of a
controlled substance and found the allegations in the enhancement paragraphs true. 
The trial court followed the plea agreement with the state and assessed punishment
at confinement for 25 years.


 Despite having waived the right to appeal, appellant
filed a pro se notice of appeal. 

               The trial court’s certification of appellant’s right of appeal states that
appellant waived the right of appeal. There is nothing in the record indicating that
appellant’s waiver of his right to appeal was not voluntarily, knowingly, and
intelligently made. There is also nothing indicating that the trial court gave its
consent for an appeal.

               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, No. 2289-01, slip
op. at ___ (Tex. Crim. App. Mar. 12, 2003); see also Blanco v. State, 18 S.W.3d 218,
219-20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex.
App.—Houston [1st Dist.] 2001, no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24
(Tex. Crim. App. 2002) (holding the record directly contradicted and rebutted any
presumption raised by the form waiver with numerous references to appeal from
ruling on pretrial motion and trial court gave consent for appeal).

               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

               All pending motions are denied as moot.

                                                   PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Alcala.



Do not publish. Tex. R. App. P. 47.2(b).