Opinion issued April 6, 2006         




                                                          


 


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00271-CR
____________

FLOYD AUGUSTA HAYMOND, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1025839



 
MEMORANDUM OPINION
               On September 29, 2005, appellant pleaded guilty to the state jail offense of
possession of a controlled substance namely, cocaine. Appellant signed under oath
a written waiver of constitutional rights, agreement to stipulate to evidence, and
judicial confession. The document provided, among other things, as follows:
I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at confinement for
one year Harris County Jail and I agree to that recommendation.
. . . Further, I waive any right of appeal which I may have should
the court accept the foregoing plea bargain agreement between
myself and the prosecutor.

The document was also signed by appellant’s counsel, the prosecutor and the trial
court.
               The trial court proceeded to find appellant guilty of possession of a
controlled substance, namely cocaine and, following the plea agreement, assessed
punishment at confinement for one year in the Harris County Jail . Despite having
waived the right to appeal, appellant filed a pro se notice of appeal. The trial court’s
certification of appellant’s right of appeal states that appellant waived the right of
appeal.
               There is nothing in the record indicating that appellant’s waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave his consent for an appeal. In fact, the
contrary is true. The trial court’s judgment is stamped, “Appeal waived. No
permission to appeal granted.”
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615
(Tex. Crim. App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding
the record directly contradicted and rebutted any presumption raised by the form
waiver with numerous references to appeal from ruling on pretrial motion and trial
court gave consent for appeal).
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 
               All pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).