Opinion issued April 6, 2006        



 

                                                          
 



In The
Court of Appeals
For The
First District of Texas
___________

NOS. 01-05-00774-CR 
         01-05-00853-CR
 
 
 
 
 
 
 
 
 
____________



ROGER SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court 
Harris County, Texas
Trial Court Cause Nos. 1015199 and 1017929



 
MEMORANDUM OPINION
               Appellant, David Roger Smith, pleaded guilty to two separate offenses of
burglary of a building with intent to commit theft and pleaded true to the allegations
in two enhancement paragraphs that he had two prior felony convictions. In
accordance with his plea bargain agreements with the State, the trial court sentenced
appellant to confinement for three years in each case. We dismiss for lack of
jurisdiction.
                Appellant entered his pleas on July 22, 2005. Appellant signed under oath
a written waiver of constitutional rights, agreement to stipulate to evidence, and
judicial confession in each case. The documents provided, among other things, as
follows:
I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at three years TDC
and I agree to that recommendation. . . . Further, I waive any
right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the
prosecutor.

Each document was also signed by appellant’s counsel, the prosecutor and the trial
court.
               The trial court proceeded in each case to find appellant guilty of burglary
of building with intent to commit theft and, following the plea agreements, assessed
punishment at confinement for three years. Despite having waived the right to
appeal, appellant filed pro se notices of appeal. The trial court’s certification of
appellant’s right of appeal in each case states that appellant waived the right of
appeal.
               There is nothing in the record indicating that appellant’s waivers of his right
to appeal were not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave her consent for an appeal. In fact, the
contrary is true. The trial court’s judgments are stamped, “Appeal waived. No
permission to appeal granted.”
               A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615
(Tex. Crim. App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding
the record directly contradicted and rebutted any presumption raised by the form
waiver with numerous references to appeal from ruling on pretrial motion and trial
court gave consent for appeal).
               Because the record in this case reflects that appellant’s waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 
               All pending motions are denied as moot.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Alcala and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).