Opinion issued October 26, 2006                                                                   
 




                                                          



 


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00810-CR
____________

JOSE SORTO, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court 
Harris County, Texas
Trial Court Cause No. 1041180



 
MEMORANDUM OPINION
          Appellant, Jose Sorto, Jr., pleaded guilty to the felony offense of burglary of
a habitation with intent to commit theft without a plea bargain agreement with the
State as to punishment. The trial court deferred adjudication of guilt, placed 
appellant under the terms and conditions of community supervision for a period of
four years, and assessed a fine of $250.
          Subsequently, the State filed a motion to adjudicate guilt. Appellant pleaded
true to the allegations contained in the State’s motion to adjudicate, and signed under
oath a written agreement to stipulate to evidence, judicial confession, waiver of
constitutional rights, and a waiver of appeal. The document provided, among other
things, as follows:
I, the Defendant, stipulate that I have been served with a
copy of the State’s Motion to Adjudicate Guilt, at least (10)
days before the date of this hearing...I do not desire to
contest this stipulation of evidence. I consent to the
introduction of testimony by affidavits, written statement
of witnesses and other documentary evidence...I
understand the allegations against me set out in the State’s
motion. I judicially confess that it is true that I violated the
terms and conditions of any probation and that the
allegations...in the State’s motion are true. I intend to enter
a plea of true to the State’s Motion. I understand that the
prosecutor will recommend that I be adjudicated guilty and
my punishment should be set at four years Texas
Department of Criminal Justice and a fine of $250 and I
agree to that recommendation...
 
          The stipulation document has a section titled waiver of appeal and contains the
initials of the appellant beside the statement: As part of my agreement with the
prosecutor to plead true, I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or admission of guilt. The
document was also signed by appellant’s counsel, the prosecutor and the trial court.
          The trial court proceeded to find the allegations in the State’s motion to
adjudicate true. The trial court then found appellant guilty of the offense of injury to
a child. The trial court in accordance with the appellant’s plea bargain agreement
with the State assessed punishment at confinement for four years and a $250 fine. 
          Despite having waived the right to appeal, appellant filed a pro se notice of
appeal. There is nothing in the record indicating that appellant’s waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave her consent for an appeal.
          A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, 99 S.W.3d 615 (Tex. Crim.
App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000);
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.);
cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding the
record directly contradicted and rebutted any presumption raised by the form waiver
with numerous references to appeal from ruling on pretrial motion and trial court gave
consent for appeal).
          Because the record in this case reflects that appellant’s waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 
          All pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).