Opinion issued January 11, 2007


 


 
















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00977-CR

____________


GIDGET MASHON LEWIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1041153






MEMORANDUM OPINION

 Appellant, Gidget Mashon Lewis, pleaded guilty to the felony offense of
aggravated assault. Appellant signed under oath a written waiver of constitutional
rights, agreement to stipulate to evidence, and judicial confession. The document
provided, among other things, as follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 5 years Texas
Department of Corrections and I agree to that recommendation.
. . . Further, I waive any right of appeal which I may have should
the court accept the foregoing plea bargain agreement between
myself and the prosecutor.


The document was also signed by appellant's counsel, the prosecutor and the trial
court.

 The trial court proceeded to find appellant guilty of aggravated assault and,
following the plea agreement, assessed punishment at confinement for five years. 
Despite having waived the right to appeal, appellant filed a pro se notice of appeal. 
The trial court's certification of appellant's right of appeal states that appellant
waived the right of appeal.

 There is nothing in the record indicating that appellant's waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave his consent for an appeal. In fact, the
contrary is true. The trial court's hand written notation on appellant's notice of
appeal states: "Appeal waived. No permission to appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W. 3d 615
(Tex. Crim. App.); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no
pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding
the record directly contradicted and rebutted any presumption raised by the form
waiver with numerous references to appeal from ruling on pretrial motion and trial
court gave consent for appeal).

 Because the record in this case reflects that appellant's waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).