Opinion issued July 6, 2007 



 



 


 


In The

Court of Appeals

For The

First District of Texas


____________


NOS. 01-07-00451-CR

 01-07-00452-CR

____________


KENDRICK L. ELLIOT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 1067767 and 1067766






MEMORANDUM OPINION

 Appellant, Kendrick L. Elliot pleaded guilty to the offense of possession of
a firearm by a felon in cause number 106776 and to possession of a controlled
substance with intent to deliver in cause number 1067766. Appellant signed under
oath in each cause number a written waiver of constitutional rights, agreement to
stipulate to evidence, and judicial confession. Each document provided, among other
things, as follows:

 I intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at 4 years TDC...and I agree to that
recommendation. . . . Further, I waive any right of appeal which I may
have should the court accept the foregoing plea bargain agreement
between myself and the prosecutor.


Each documents was also signed by appellant's counsel, the prosecutor and the trial
court.

 The trial court proceeded to find appellant guilty of the offense of possession
of a firearm by a felon in cause number 1067767, and guilty of the offense of
possession of a controlled substance with intent to deliver in cause number 1067766.
The trial court followed the plea agreements in each case, an d assessed punishment
in each case at confinement for four years to run concurrently. 

 Despite having waived his right to appeal in each case, appellant filed a pro
se notice of appeal in each case. The trial court's certification of appellant's right of
appeal in each case states that appellant waived the right of appeal.

 There is nothing in the records indicating that appellant's waiver of his right
to appeal in each case was not voluntarily, knowingly, and intelligently made. There
is also nothing indicating that the trial court gave his consent for an appeal in either
case. In fact, the contrary is true. The trial court's judgments in cause number
1067767 and cause number 1067766 are each stamped, "Appeal waived. No
permission to appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, No. 2289-01, slip op. at ___
(Tex. Crim. App. Mar. 12, 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20
(Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st
Dist.] 2001, no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App.
2002) (holding the record directly contradicted and rebutted any presumption raised
by the form waiver with numerous references to appeal from ruling on pretrial motion
and trial court gave consent for appeal).

 Because the record in each case reflects that appellant's waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeals in cause number 1067767 and in cause number 1067766 dismissed. 

 We deny any pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.


Do not publish. Tex. R. App. P. 47.2(b).