Opinion issued July 12, 2007


 



 





 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00448-CR

____________


OMAR FLORES HUERTA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court 

Harris County, Texas

Trial Court Cause No. 1070796






MEMORANDUM OPINION

 Appellant, Omar Flores Huerta, pleaded guilty to the offense of sexual assault
of a child. Appellant signed under oath a written waiver of constitutional rights,
agreement to stipulate to evidence, and judicial confession. The document provided,
among other things, as follows:

 I intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at 8 years Texas Department of
Corrections and I agree to that recommendation. . . . Further, I waive
any right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the prosecutor.


The document was also signed by appellant's counsel, the prosecutor and the trial
court.

 The trial court proceeded to find appellant guilty of sexual assault of a child
and, following the plea agreement, assessed punishment at 8 years. Despite having
waived the right to appeal, appellant filed a pro se notice of appeal. The trial court's
certification of appellant's right of appeal states that appellant waived the right of
appeal.

 There is nothing in the record indicating that appellant's waiver of his right to
appeal was not voluntarily, knowingly, and intelligently made. There is also nothing
indicating that the trial court gave his consent for an appeal. In fact, the contrary is
true. The trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, 99 S.W.3d 615 (Tex. Crim.
App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000);
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.);
cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding the
record directly contradicted and rebutted any presumption raised by the form waiver
with numerous references to appeal from ruling on pretrial motion and trial court gave
consent for appeal).

 Because the record in this case reflects that appellant's waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).