In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00776-CR
____________

HEBERT CHRISTOPHER WALLACE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 49479



 
MEMORANDUM OPINION
          Appellant, Herbert Christopher Wallace, pleaded guilty to the offense of
unauthorized use of a motor vehicle and pleaded true to one enhancement paragraph
with an agreed punishment recommendation with the State. At the time appellant
entered his plea on August 7, 2006, he signed under oath documents included in a
plea packet that provided, among other things, as follows:

I understand that in the event I am convicted I have the
legal right to appeal...I waive the right to appeal. I
understand the admonitions, statements and waivers set
forth above and I am aware of the consequences of my
plea.



The document was also signed by appellant’s counsel, the prosecutor, and the trial
court clerk.

          The trial court proceeded to find appellant guilty of unauthorized use of a
motor vehicle and, following the plea agreements, assessed punishment at
confinement for 10 years. Despite having waived the right to appeal, appellant filed
a pro se notice of appeal. The trial court’s certification of appellant’s right of appeal 
states that appellant waived the right of appeal. Appellant and his counsel signed the
trial court’s certification acknowledging that they had received a copy.

          There is nothing in the record indicating that appellant’s waiver of his right to
appeal was not voluntarily, knowingly, and intelligently made. There is also nothing
indicating that the trial court gave its consent for an appeal. In fact, the contrary is
true. The trial court’s docket sheet contains the entry, “Defendant denied right to
appeal.” The clerk’s record also contains a letter, file-marked September 12, 2006,
that states: “ I would like to withdraw my case number 49479. . . Judge Patrick
Sebesta has denied the appeal last week and I wish not to take it any further.”

          A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Monreal v. State, 99 S.W.3d 615 (Tex. Crim.
App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000);
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.);
cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding the
record directly contradicted and rebutted any presumption raised by the form waiver
with numerous references to appeal from ruling on pretrial motion and trial court gave
consent for appeal).

          Because the record in this case reflects that appellant’s waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

          All pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).