Opinion issued August 23, 2007


 


 


 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-01170-CR

____________


GOLDEN HEATHER HARTMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 1091654






MEMORANDUM OPINION

 On December 7, 2006, appellant pleaded guilty to the felony offense of
possession of a controlled substance. Appellant signed under oath a written waiver
of constitutional rights, agreement to stipulate to evidence, and judicial confession. 
The document provided, among other things, as follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 3 years deferred
adjudication, a fine of $500 and the Judge sets all conditions of
probation and I agree to that recommendation. . . . Further, I
waive any right of appeal which I may have should the court
accept the foregoing plea bargain agreement between myself and
the prosecutor.


The document was also signed by appellant's counsel, the prosecutor and the trial
court.

 The trial court proceeded to defer a finding of guilt and, following the plea
agreement, placed appellant on community supervision for a period of 3 years.
Despite having waived the right to appeal, appellant filed a pro se notice of appeal. 

 There is nothing in the record indicating that appellant's waiver of his right
to appeal was not voluntarily, knowingly, and intelligently made. There is also
nothing indicating that the trial court gave his consent for an appeal. We also note
that the trial court has certified that this is a plea bargain case and appellant has no
right of appeal.

 A valid waiver of the right to appeal will prevent a defendant from
appealing without the consent of the trial court. Monreal v. State, 99 S.W. 3d 615 (
Tex. Crim. App. 2003); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.); cf. Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002) (holding
the record directly contradicted and rebutted any presumption raised by the form
waiver with numerous references to appeal from ruling on pretrial motion and trial
court gave consent for appeal).

 Because the record in this case reflects that appellant's waiver of the right
to appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed. 

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).