COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-07-317-CR

 

ROBERTO ROMAN                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 372ND DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Appellant Roberto Roman
attempts to appeal a conviction for injury to a child with intent to cause
bodily injury.  On August 28, 2006,
Appellant pled guilty to this offense, and the trial court placed him on
deferred adjudication community supervision. 
The State subsequently filed a petition to adjudicate Appellant=s guilt.  On August 13, 2007,
Appellant pled true to the allegations in the State=s petition and, following the State=s recommendation, the trial court sentenced Appellant to three years= confinement.  








On that same date, the trial
court entered its certification reciting that Athe defendant has waived the right of appeal.@  See Tex. R. App. P. 25.2(a)(2) (providing
that trial court shall enter a certification of a defendant=s right of appeal in every case in which it enters a judgment of guilt
or other appealable order).  Appellant
and his attorney signed their names on the certification immediately after the
statement: AI
acknowledge that I have been informed of the above certification by the trial
court and waive the receipt of a copy thereof.@  

Also on August 13, 2007,
Appellant signed a waiver of his right to appeal in which he acknowledged that
he had been fully informed by the trial court and by his attorney that he has
the legal right to appeal the conviction, and that, 

[w]ith
full understanding of the above, I hereby in open court state that I do not
desire to appeal and expressly waive any appeal in this case, and I hereby
accept as final the judgment of conviction and the sentence herein and I
request that I be allowed to commence serving the same without further
delay.  

 

Appellant=s attorney signed this document after the preprinted statement, AApproved by me as the attorney representing the defendant, and I am
present at the time of sentencing and of this waiver.@  The deputy district clerk
attested to the document with the recitation that the waiver was signed in open
court. 








Appellant subsequently filed
a pro se notice of appeal.  We notified the pro se Appellant that his appeal was
subject to dismissal based on the trial court=s certification
unless Appellant filed a response showing grounds for continuing the
appeal.  See Tex. R. App. P. 25.2(d), 44.3.  In response, 
Appellant filed a second amended notice of appeal in which he claims
that his waiver of his right to appeal was not made knowingly, intelligently,
or voluntarily.

Under Texas law, a defendant
in a noncapital case Amay waive
any rights secured him by law,@ including the right to appeal. 
Tex. Code Crim. Proc. Ann.
art. 1.14(a) (Vernon 2005); Monreal v. State, 99 S.W.3d 615, 622 (Tex.
Crim. App. 2003) (reaffirming that Aa valid waiver of appeal, whether negotiated or non-negotiated, will
prevent a defendant from appealing without the consent of the trial court@). 








The written plea
admonishments signed by Appellant and his attorney on August 13, 2007 included
an express waiver of Appellant=s right to have a court reporter present at the hearing on the State=s petition to proceed to adjudication, and no reporter was
present.  After the trial court signed
the judgment that adjudicated Appellant=s guilt and recited his sentence, Appellant did not file a motion for
new trial alleging that his waiver of the right to appeal was involuntary.  Had he done so, the trial court could have
held a hearing regarding this allegation, and Appellant would have had the
opportunity to develop facts in support of his claim that his waiver was
involuntary.  In the absence of any
evidence supporting Appellant=s claim that his waiver was involuntary, Appellant has failed to
negate the validity of his waiver of appeal.[2]  A knowing and intelligent waiver of the right
to appeal is binding on Appellant and prevents him from appealing any issue in
the cause without the consent of the trial court.  See Monreal, 99 S.W.3d at 622; Ex parte
Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978).  The trial court did not consent to Appellant=s appeal in this case. 
Accordingly, we dismiss the appeal. 
See Monreal, 99 S.W.3d at 623; see also Tex. R. App. P. 25.2(d) (providing that
an appeal must be dismissed unless the trial court=s certification shows that the defendant has the right of appeal); Tex. R. App. P. 43.2(f).

PER CURIAM

 

PANEL
D:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 27, 2007











[1]See Tex. R.
App. P. 47.4.

 





[2]Cf.
Ex parte Delaney, 207 S.W.3d 794, 799-800 (Tex. Crim. App. 2006)
(holding that appellant=s
waiver of appeal signed at time he was placed on deferred adjudication
community supervision was not a knowing and voluntary waiver that would bar him
from appealing punishment following subsequent adjudication hearing); Alzarka
v. State, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (holding that repeated
statements in the record by the trial judge, the district attorney, and
appellant=s
attorney that appellant would be permitted to appeal, directly contradicted and
rebutted any presumption raised by the terms of the boilerplate plea form
signed by appellant and reflected that appellant did not waive appeal).