COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-317-CR

ROBERTO ROMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Appellant Roberto Roman attempts to appeal a conviction for injury to a child with intent to cause bodily injury.  On August 28, 2006, Appellant pled guilty to this offense, and the trial court placed him on deferred adjudication community supervision.  The State subsequently filed a petition to adjudicate Appellant’s guilt.  On August 13, 2007, Appellant pled true to the allegations in the State’s petition and, following the State’s recommendation, the trial court sentenced Appellant to three years’ confinement.  

On that same date, the trial court entered its certification reciting that “the defendant has waived the right of appeal.”  
See
 
Tex. R. App. P.
 25.2(a)(2) (providing that trial court shall enter a certification of a defendant’s right of appeal in every case in which it enters a judgment of guilt or other appealable order).  Appellant and his attorney signed their names on the certification immediately after the statement: “I acknowledge that I have been informed of the above certification by the trial court and waive the receipt of a copy thereof.”  

Also on August 13, 2007, Appellant signed a waiver of his right to appeal in which he acknowledged that he had been fully informed by the trial court and by his attorney that he has the legal right to appeal the conviction, and that, 

[w]ith full understanding of the above, I hereby in open court state that I do not desire to appeal and expressly waive any appeal in this case, and I hereby accept as final the judgment of conviction and the sentence herein and I request that I be allowed to commence serving the same without further delay.  

Appellant’s attorney signed this document after the preprinted statement, “Approved by me as the attorney representing the defendant, and I am present at the time of sentencing and of this waiver.”  The deputy district clerk attested to the document with the recitation that the waiver was signed in open court. 

Appellant subsequently filed a pro se notice of appeal.  We 
notified the pro se Appellant that his appeal was subject to dismissal based on the trial court’s certification unless Appellant filed a response showing grounds for continuing the appeal.  
See 
Tex. R. App. P
. 25.2(d), 44.3.  In response,  Appellant filed a second amended notice of appeal in which he claims that his waiver of his right to appeal was not made knowingly, intelligently, or voluntarily.

Under Texas law, a defendant in a noncapital case “may waive any rights secured him by law,” including the right to appeal.  
Tex. Code Crim. Proc. Ann.
 art. 1.14(a) (Vernon 2005); 
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (reaffirming that “a valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court”).
 

The written plea admonishments signed by Appellant and his attorney on August 13, 2007 included an express waiver of Appellant’s right to have a court reporter present at the hearing on the State’s petition to proceed to adjudication, and no reporter was present.  After the trial court signed the judgment that adjudicated Appellant’s guilt and recited his sentence, Appellant did not file a motion for new trial alleging that his waiver of the right to appeal was involuntary.  Had he done so, the trial court could have held a hearing regarding this allegation, and Appellant would have had the opportunity to develop facts in support of his claim that his waiver was involuntary.  In the absence of any 
evidence supporting Appellant’s claim that his waiver was involuntary, 
Appellant has failed to negate the validity of his waiver of appeal.
(footnote: 2) 
 A knowing and intelligent waiver of the right to appeal is binding on Appellant and prevents him from appealing any issue in the cause without the consent of the trial court. 
 See Monreal, 
99 S.W.3d at 622;
 Ex parte Tabor
, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978).  The trial court did not consent to Appellant’s appeal in this case.  Accordingly, we dismiss the appeal.  
See Monreal
, 99 S.W.3d at 623;
 
see also
 
Tex. R. App. P
. 25.2(d) (providing that an appeal must be dismissed unless the trial court’s certification shows that the defendant has the right of appeal); 
Tex. R. App. P.
 43.2(f)
.

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 27, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Cf. Ex parte Delaney
, 207 S.W.3d 794, 799-800 (Tex. Crim. App. 2006) (holding that appellant’s waiver of appeal signed at time he was placed on deferred adjudication community supervision was not a knowing and voluntary waiver that would bar him from appealing punishment following subsequent adjudication hearing); 
Alzarka v. State
, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (holding that repeated statements in the record by the trial judge, the district attorney, and appellant’s attorney that appellant would be permitted to appeal, directly contradicted and rebutted any presumption raised by the terms of the boilerplate plea form signed by appellant and reflected that appellant did not waive appeal).