IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-1601-07





 

DAVID CORRAL, Appellant
 


v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.



O P I N I O N 



 Appellant, David Corral, was indicted in El Paso County on June 27, 2005, for state-jail
felony possession of marihuana. Pursuant to a plea-bargain with the State, the appellant entered a
plea of guilty on August 14, 2006. The plea papers that he signed included an unbargained-for,
boilerplate waiver of his right to appeal stating, "I do hereby voluntarily, knowingly, and intelligently
waive my right to appeal." On the same day, the trial court found appellant guilty and sentenced him
in accordance with the terms of the plea bargain. The trial court provided the appellant with the
following admonishment, without any objection from the State, that the appellant had waived any
right to appeal:

 TRIAL COURT: If I follow the agreement and later you wanted to appeal, you could
only do so with the Court's permission, that is except for any pretrial rulings that
have been made. It's my understanding there have been some pretrial rulings that
have been made in this case; and, those you're free to appeal. Do you understand
that?

 

 CORRAL: Sir, I comprehend your explanation. Yes, Your Honor.


 Appellant timely filed a notice of appeal with the trial court's written certification stating,
"I, Judge of the trial court, certify in this criminal case that the Defendant's appeal is a plea-bargain
case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn
or waived, and the Defendant has the right of appeal." In the court of appeals, the State filed a
motion to dismiss the appeal based on the boilerplate waiver of appeal in the plea papers that
appellant signed, and the court of appeals dismissed appellant's appeal based on that waiver.

 The State now concedes error on discretionary review and requests that we reverse the
judgment of the court of appeals with instructions to reinstate the appellant's appeal. We agree and
decide that the circumstances of this case require a decision that the unbargained-for, boilerplate
waiver of appeal in the plea papers that the appellant signed does not defeat the appellant's right to
appeal. See Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) ("We now hold that the
trial court's subsequent handwritten permission to appeal controls over a defendant's previous
waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver.");
Alzarka v. State, 90 S.W. 3d 321 (Tex. Crim. App. 2002) (record contradicted and rebutted any
presumption raised by boilerplate waiver of appeal signed by defendant such that the defendant did
not waive his appeal).

 The judgment of the court of appeals is reversed, and the case is remanded with instructions
to reinstate the appellant's appeal.

 Hervey, J.

 

Delivered: June 25, 2008 

Do Not Publish