

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1601-07

**DAVID CORRAL, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

**HERVEY, J., delivered the opinion for a unanimous Court.**

**O P I N I O N**

Appellant, David Corral, was indicted in El Paso County on June 27, 2005, for state-jail felony possession of marihuana. Pursuant to a plea-bargain with the State, the appellant entered a plea of guilty on August 14, 2006. The plea papers that he signed included an unbargained-for, boilerplate waiver of his right to appeal stating, "I do hereby voluntarily, knowingly, and intelligently waive my right to appeal." On the same day, the trial court found appellant guilty and sentenced him in accordance with the terms of the plea bargain. The trial court provided the appellant with the

following admonishment, without any objection from the State, that the appellant had waived any right to appeal:

> TRIAL COURT: If I follow the agreement and later you wanted to appeal, you could only do so with the Court's permission, that is except for any pretrial rulings that have been made. It's my understanding there have been some pretrial rulings that have been made in this case; and, those you're free to appeal. Do you understand that?

> CORRAL: Sir, I comprehend your explanation. Yes, Your Honor.

Appellant timely filed a notice of appeal with the trial court's written certification stating, "I, Judge of the trial court, certify in this criminal case that the Defendant's appeal is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the Defendant has the right of appeal." In the court of appeals, the State filed a motion to dismiss the appeal based on the boilerplate waiver of appeal in the plea papers that appellant signed, and the court of appeals dismissed appellant's appeal based on that waiver.

The State now concedes error on discretionary review and requests that we reverse the judgment of the court of appeals with instructions to reinstate the appellant's appeal. We agree and decide that the circumstances of this case require a decision that the unbargained-for, boilerplate waiver of appeal in the plea papers that the appellant signed does not defeat the appellant's right to appeal. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) ("We now hold that the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver."); *Alzarka v. State,* 90 S.W. 3d 321 (Tex. Crim. App. 2002) (record contradicted and rebutted any presumption raised by boilerplate waiver of appeal signed by defendant such that the defendant did not waive his appeal).

The judgment of the court of appeals is reversed, and the case is remanded with instructions to reinstate the appellant's appeal.

Hervey, J.

Delivered: June 25, 2008
Do Not Publish