Stanley v. State






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-273-CR
 
RICHARD D. STANLEY                                                           APPELLANT
V.
THE STATE OF TEXAS
                                                              
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
------------
OPINION ON REHEARING
------------
After reconsidering our prior opinion on appellant's motion for rehearing, we
deny the motion, but withdraw our opinion and judgment dated February 20, 2003,
and substitute the following.
Richard D. Stanley was charged with driving while intoxicated. After the
trial court denied his motion to suppress, appellant pleaded guilty pursuant to
a plea agreement with the State. In accordance with the agreement, the trial
court placed appellant on probation for twenty-four months and assessed a $550
fine. In two points, appellant contends that the trial court erred in denying
his motion to suppress because the arresting officer lacked reasonable suspicion
to stop his vehicle. We will dismiss.
The State contends and we agree that appellant has waived his right to appeal
his pretrial motion to suppress. Rule 25.2(a)(2) of the rules of appellate
procedure provides that a defendant who has pled guilty pursuant to a negotiated
plea agreement may only prosecute an appeal without the trial court's permission
if he is appealing a matter that was raised by a written motion filed prior to
trial. Tex. R. App. P. 25.2(a)(2). A defendant in a noncapital case, however,
may waive any right secured him by law, including his right to appeal. Blanco
v. State, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000). A knowing and
intelligent waiver is binding on the defendant and prevents him from appealing a
waived issue without the consent of the court. See id. at 219-20
(holding that trial court's permission is required before a defendant can appeal
after waiving his right to appeal).
In this case, appellant filed a pretrial motion to suppress alleging that the
actions of the arresting officers violated the federal and state constitutions.
After receiving briefs and hearing evidence on the motion, the trial court
denied the motion and entered findings of fact and conclusions of law. Then, on
July 12, 2002, appellant entered into a negotiated plea agreement with the
State. In pertinent part, the agreement states:

         The plea recommendation set
 forth below is agreed to by the Defendant, his attorney and the State's
 attorney, as evidenced by their respective signatures below. The Defendant
 understands that if he pleads guilty or nolo contendere and the punishment
 assessed by the Court does not exceed the punishment recommended, an appeal
 herein may only be prosecuted with the permission of the trial court. All
 written motions on file are hereby waived.

This agreement was signed by appellant, his attorney, and the State's
attorney. On the same day, the trial court prepared, signed, and filed an
official document indicating that appellant had waived his right to appeal. This
document states:

         On July 12th, 2002,
 Richard D. Stanley pled guilty to driving while intoxicated. Upon his plea of
 guilty, the Court asked the defendant if he gave up his right to appeal. The
 defendant stated that he did give up his right to appeal and the plea was
 accepted by the Court.

On rehearing, appellant contends that his signature on the plea agreement
indicating that he waived any and all motions on file was "unintentional,
mistaken and an error on his part as well as counsel" and that he "did
not make a knowing and intelligent waiver." He also alleges that his
failure to sign the document filed by the trial judge is evidence of his clear
intention not to waive his right to appeal. These factual allegations, however,
were raised for the first time on rehearing and are not supported by the record.(1) 
Further, there is no evidence to suggest that the trial court granted appellant
permission to pursue his appeal after appellant signed the plea agreement.
The record is also void of any evidence to support appellant's contention
that he signed the plea agreement in error. Appellant did not file a motion for
new trial alleging that his plea was involuntary, nor did he file a motion for
new trial asserting ineffective assistance of counsel. Had he filed either
motion, he could have presented evidence to support his claim that his waiver
was unintentional. Without such evidence, we cannot conclude that his waiver was
involuntary. Therefore, we hold that appellant waived his right to appeal his
pretrial motion to suppress. Accordingly, we dismiss the appeal.
 
                                                           JOHN
CAYCE
                                                           CHIEF
JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

PUBLISH
DELIVERED: June 26, 2003

1. Although appellant did not sign the document filed by
the trial court acknowledging waiver of his right to appeal, this document does
not provide a place for appellant to sign. In addition, there is no recitation
in the document that would allow us to conclude that the trial court intended
for appellant to sign it. Therefore, we cannot say that appellant's failure to
sign this document constitutes evidence of his intent not to waive his right to
appeal.