FRANCIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-335-CR

DOUGLAS CRAIG FRANCIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On June 13, 2002, Appellant Douglas Craig Francis was charged by information with driving while intoxicated, enhanced with a prior DWI conviction from 1995.  Appellant filed a motion to suppress evidence, and after conducting a hearing, the trial court denied Appellant’s motion without entering findings of fact and conclusions of law.  Thereafter, Appellant pleaded guilty pursuant to a plea-bargain agreement with the State.  In accordance with the agreement, the trial court sentenced Appellant to 180 days’ confinement, probated over two years, and a $750 fine. 

I.  Sole Issue

In one issue, Appellant argues that the trial court erred in denying his motion to suppress.  While the State’s brief addresses the merits of Appellant’s claim concerning the denial of his motion to suppress, the State alternatively argues that we should dismiss this appeal because Appellant waived his right to appeal when he pleaded guilty.  Appellant contends his waiver was “involuntary” because he had instructed his counsel to ensure that the plea was conditional on his retention of the right to appeal.  We will dismiss.

II.  Factual and Procedural Background

The trial court denied Appellant’s motion to suppress on April 8, 2003. Four months later, on August 8, 2003, Appellant pleaded guilty pursuant to a plea-bargain agreement with the State.  In pertinent part, the agreement states:

The plea recommendation set forth below is agreed to by the Defendant, his attorney and the State’s attorney, as evidenced by their signatures below.  The Defendant understands that if he pleads guilty or nolo contendere and the punishment assessed by the Court does not exceed the punishments recommended, an appeal herein may only be prosecuted with the permission of the trial court.  
All written motions on file are hereby waived.  The Defendant affirmatively waives all rights to appeal this cause.

[Emphasis supplied.]  Appellant, his attorney, and the State’s attorney all signed the agreement. 

At the bottom of the plea agreement, the trial court signed the following certification of Appellant’s right of appeal:  “I, Judge of the trial court, certify this criminal case is a plea-bargain, and the defendant has no right of appeal; or the defendant has waived the right of appeal.”  The clerk’s record indicates that, on the same day Appellant signed the above plea agreement, he pleaded guilty and was sentenced by the court in accordance with the terms of the plea recommendation.  No record from the plea proceeding exists because Appellant did not request that a record be made. 

When Appellant filed his notice of appeal on August 11, 2003, the trial court’s certification was not provided for our review.
(footnote: 2)  Because the record before us at that time did not include the trial court’s certification of Appellant’s right of appeal, we ordered the court “to enter a certification of his right of appeal in the trial court record and cause a copy of the certification to be filed in this court.”  
See
 
Tex. R. App. P.
 25.2(a)(2), 34.5(c)(2). 

The trial court conducted a hearing on September 5, 2003 regarding Appellant’s right to appeal.  The court confirmed for the record that, at the time Appellant pleaded guilty, it had admonished him and had asked him if he had reviewed the form with his attorney.  The court stated that all motions were waived, that Appellant was waiving the right to appeal, and that he understood all of the rights that he was giving up by his plea.  Appellant indicated that he had.  The court also stated for the record that it had found that Appellant made a voluntary plea and had waived his right of appeal as a term and condition of the plea-bargain agreement.

Appellant testified, and agreed in response to questions by his trial counsel, that his counsel had explained to him that he could appeal the denial of his pretrial motion to suppress, even though he had pleaded guilty, and that  he had so instructed his counsel.  Appellant further testified that he desired to appeal the ruling denying his motion to suppress, but that he did remember signing the plea agreement.  On cross-examination, Appellant claimed that he did not read the plea agreement, but he again acknowledged that he signed it and that it states, “The Defendant affirmatively waives all rights to appeal in this case” and “all motions . . . on file are hereby waived.”  Appellant admitted that the trial court had asked him whether he had had a chance to go over the agreement with his attorney and that he, along with his attorney, had signed the plea agreement. 

The trial court then stated, “for record purposes, I want to state that the certification is on the bottom of the plea agreement,” but the court indicated that it would sign another certification of Appellant’s right of appeal.  Ultimately, on September 23, 2003, the trial court signed another certification of Appellant’s right of appeal, indicating that this “is a plea-bargain case, and [Appellant] has NO right of appeal,” which the trial court then forwarded us.
(footnote: 3) 

III.  Analysis

In a plea bargain case, a defendant may only appeal, without the trial court’s permission, “those matters that were raised by written motion filed and ruled on before trial.”  
Tex. R. App. P.
 25.2(a)(2)(A); 
Stanley v. State
, 111 S.W.3d 773, 774 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh’g).  Under Texas law, however, a defendant in a noncapital case “may waive any rights secured him by law,” including the right to appeal.  
Tex. Code Crim. Proc. Ann
. art. 1.14(a) (Vernon Supp. 2004); 
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (reaffirming that “a valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court”); 
Blanco v. State
, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000); 
Stanley,
 111 S.W.3d at 774.  “A knowing, . . . intelligent[, and voluntary] waiver is binding on the defendant and prevents him from appealing a waived issue without the consent of the trial court.”  
Stanley
, 111 S.W.3d at 774 (citation omitted); 
Monreal,
 99 S.W.3d at 622; 
see Galliford v. State
, 101 S.W.3d 600, 603 (Tex. App.—Houston [1
st
 Dist.] 2003, pet. ref’d) (stating “trial judge’s order granting permission to appeal rebuts the presumption that appellant waived the right to appeal”) (citing 
Alzarka v. State
, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002)).

Here, after the trial court had denied his motion to suppress, Appellant signed his plea agreement, thereby “waiving all written motions on file.”  Appellant directs us to his self-serving testimony that he signed the plea agreement in reliance on advice of counsel that he could appeal from the denial of the motion to suppress; however, the signature of both Appellant and his attorney on the plea agreement stand in stark contrast to this testimony.  Moreover, the trial court stated that every time a defendant intends to enter into a plea agreement and make a plea of guilty or nolo contendere in her court, she always asks the defendant “whether [he or she] has reviewed the waiver form with [his or her] attorney and whether [he or she] understands the rights [he or she is] giving up by signing the waiver form.”  The court stated, “I do not proceed with the plea unless the Defendant indicates to me that [he or she] has.” 

In short, nothing in the record indicates that Appellant’s waiver was not knowingly, voluntarily, or intelligently made.  
See Stanley
, 111 S.W.3d at 773 (holding that in the absence of any evidence supporting appellant’s claim that his waiver was involuntary, appellant had waived his right to appeal the denial of his pretrial motion to suppress); 
cf. Alzarka
, 90 S.W.3d at 324 (holding that repeated statements in the record by the trial judge, the district attorney, and appellant’s attorney that appellant would be permitted to appeal “directly contradict[ed] and rebutt[ed] any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflect[ed] that appellant did not waive appeal”).  “Appellant was ’fully aware of the likely consequences’ when he waived his right to appeal, and it is ‘not unfair to expect him to live with those consequences now.’”  
Blanco
, 18 S.W.3d at 220 (citing 
Mabry v. Johnson
, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2547-48 (1984)).

IV.  Conclusion

Because Appellant signed a valid waiver of appeal and did not receive the trial court’s permission to appeal, we dismiss the appeal.  
See Monreal
, 99 S.W.3d at 623; 
Stanley
, 111 S.W.3d at 774-75; 
Sipple v. State
, No. 10-00-233-CR, 2004 WL 406576, at *1 (Tex. App.—Waco Mar. 3, 2003, no pet. h.).

PER CURIAM

PANEL A: GARDNER, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: 
 April 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The clerk’s record was not filed until October 13, 2003.

3:
The trial court signed a certification of Appellant’s right of appeal on September 5, 2003, but the court did not check the box on any of the five options on the form.  On September 23, 2003, the court provided us with a completed, signed certification of Appellant’s right of appeal.  When we received the clerk’s record in October, we had received all of the certification documents.