COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-335-CR
 
 
 
DOUGLAS CRAIG 
FRANCIS                                                    APPELLANT
 
 
V.
 
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
FROM 
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY
------------
MEMORANDUM OPINION[1]
------------
        On 
June 13, 2002, Appellant Douglas Craig Francis was charged by information with 
driving while intoxicated, enhanced with a prior DWI conviction from 1995.  
Appellant filed a motion to suppress evidence, and after conducting a hearing, 
the trial court denied Appellant’s motion without entering findings of fact 
and conclusions of law.  Thereafter, Appellant pleaded guilty pursuant to a 
plea-bargain agreement with the State.  In accordance with the agreement, 
the trial court sentenced Appellant to 180 days’ confinement, probated over 
two years, and a $750 fine.
I. 
Sole Issue
        In 
one issue, Appellant argues that the trial court erred in denying his motion to 
suppress.  While the State’s brief addresses the merits of Appellant’s 
claim concerning the denial of his motion to suppress, the State alternatively 
argues that we should dismiss this appeal because Appellant waived his right to 
appeal when he pleaded guilty.  Appellant contends his waiver was 
“involuntary” because he had instructed his counsel to ensure that the plea 
was conditional on his retention of the right to appeal. We will dismiss.
II. 
Factual and Procedural Background
        The 
trial court denied Appellant’s motion to suppress on April 8, 2003.  Four 
months later, on August 8, 2003, Appellant pleaded guilty pursuant to a 
plea-bargain agreement with the State.  In pertinent part, the agreement 
states:
 
The 
plea recommendation set forth below is agreed to by the Defendant, his attorney 
and the State’s attorney, as evidenced by their signatures below.  The 
Defendant understands that if he pleads guilty or nolo contendere and the 
punishment assessed by the Court does not exceed the punishments recommended, an 
appeal herein may only be prosecuted with the permission of the trial 
court.  All written motions on file are hereby waived.  The 
Defendant affirmatively waives all rights to appeal this cause.
 
[Emphasis 
supplied.]  Appellant, his attorney, and the State’s attorney all signed 
the agreement.
        At 
the bottom of the plea agreement, the trial court signed the following 
certification of Appellant’s right of appeal: “I, Judge of the trial court, 
certify this criminal case is a plea-bargain, and the defendant has no right of 
appeal; or the defendant has waived the right of appeal.”  The clerk’s 
record indicates that, on the same day Appellant signed the above plea 
agreement, he pleaded guilty and was sentenced by the court in accordance with 
the terms of the plea recommendation.  No record from the plea proceeding 
exists because Appellant did not request that a record be made.
        When 
Appellant filed his notice of appeal on August 11, 2003, the trial court’s 
certification was not provided for our review.[2]   
Because the record before us at that time did not include the trial court’s 
certification of Appellant’s right of appeal, we ordered the court “to enter 
a certification of his right of appeal in the trial court record and cause a 
copy of the certification to be filed in this court.”  See Tex. R. App. P. 25.2(a)(2), 
34.5(c)(2).
        The 
trial court conducted a hearing on September 5, 2003 regarding Appellant’s 
right to appeal.  The court confirmed for the record that, at the time 
Appellant pleaded guilty, it had admonished him and had asked him if he had 
reviewed the form with his attorney.  The court stated that all motions 
were waived, that Appellant was waiving the right to appeal, and that he 
understood all of the rights that he was giving up by his plea. Appellant 
indicated that he had.  The court also stated for the record that it had 
found that Appellant made a voluntary plea and had waived his right of appeal as 
a term and condition of the plea-bargain agreement.
        Appellant 
testified, and agreed in response to questions by his trial counsel, that his 
counsel had explained to him that he could appeal the denial of his pretrial 
motion to suppress, even though he had pleaded guilty, and that he had so 
instructed his counsel.  Appellant further testified that he desired to 
appeal the ruling denying his motion to suppress, but that he did remember 
signing the plea agreement.  On cross-examination, Appellant claimed that 
he did not read the plea agreement, but he again acknowledged that he signed it 
and that it states, “The Defendant affirmatively waives all rights to appeal 
in this case” and “all motions . . . on file are hereby waived.”  
Appellant admitted that the trial court had asked him whether he had had a 
chance to go over the agreement with his attorney and that he, along with his 
attorney, had signed the plea agreement.
        The 
trial court then stated, “for record purposes, I want to state that the 
certification is on the bottom of the plea agreement,” but the court indicated 
that it would sign another certification of Appellant’s right of appeal.  
Ultimately, on September 23, 2003, the trial court signed another certification 
of Appellant’s right of appeal, indicating that this “is a plea-bargain 
case, and [Appellant] has NO right of appeal,” which the trial court then 
forwarded us.[3]
III. 
Analysis
        In 
a plea bargain case, a defendant may only appeal, without the trial court’s 
permission, “those matters that were raised by written motion filed and ruled 
on before trial.” Tex. R. App. P. 
25.2(a)(2)(A); Stanley v. State, 111 S.W.3d 773, 774 (Tex. App.—Fort 
Worth 2003, no pet.) (op. on reh’g).  Under Texas law, however, a 
defendant in a noncapital case “may waive any rights secured him by law,” 
including the right to appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(a) 
(Vernon Supp. 2004); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. 
App. 2003) (reaffirming that “a valid waiver of appeal, whether negotiated or 
non-negotiated, will prevent a defendant from appealing without the consent of 
the trial court”); Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim. App. 
2000); Stanley, 111 S.W.3d at 774. “A knowing, . . . intelligent[, and 
voluntary] waiver is binding on the defendant and prevents him from appealing a 
waived issue without the consent of the trial court.”  Stanley, 
111 S.W.3d at 774 (citation omitted); Monreal, 99 S.W.3d at 622; see 
Galliford v. State, 101 S.W.3d 600, 603 (Tex. App.—Houston [1st 
Dist.] 2003, pet. ref’d) (stating “trial judge’s order granting permission 
to appeal rebuts the presumption that appellant waived the right to appeal”) 
(citing Alzarka v. State, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002)).
        Here, 
after the trial court had denied his motion to suppress, Appellant signed his 
plea agreement, thereby “waiving all written motions on file.”  
Appellant directs us to his self-serving testimony that he signed the plea 
agreement in reliance on advice of counsel that he could appeal from the denial 
of the motion to suppress; however, the signature of both Appellant and his 
attorney on the plea agreement stand in stark contrast to this testimony.  
Moreover, the trial court stated that every time a defendant intends to enter 
into a plea agreement and make a plea of guilty or nolo contendere in her court, 
she always asks the defendant “whether [he or she] has reviewed the waiver 
form with [his or her] attorney and whether [he or she] understands the rights 
[he or she is] giving up by signing the waiver form.”  The court stated, 
“I do not proceed with the plea unless the Defendant indicates to me that [he 
or she] has.”
        In 
short, nothing in the record indicates that Appellant’s waiver was not 
knowingly, voluntarily, or intelligently made.  See Stanley, 111 
S.W.3d at 773 (holding that in the absence of any evidence supporting 
appellant’s claim that his waiver was involuntary, appellant had waived his 
right to appeal the denial of his pretrial motion to suppress); cf. Alzarka, 
90 S.W.3d at 324 (holding that repeated statements in the record by the trial 
judge, the district attorney, and appellant’s attorney that appellant would be 
permitted to appeal “directly contradict[ed] and rebutt[ed] any presumption 
raised by the terms of the boiler-plate plea form signed by appellant and 
reflect[ed] that appellant did not waive appeal”).  “Appellant was 
’fully aware of the likely consequences’ when he waived his right to appeal, 
and it is ‘not unfair to expect him to live with those consequences 
now.’”  Blanco, 18 S.W.3d at 220 (citing Mabry v. Johnson, 
467 U.S. 504, 508-09, 104 S. Ct. 2543, 2547-48 (1984)).
IV. 
Conclusion
        Because 
Appellant signed a valid waiver of appeal and did not receive the trial 
court’s permission to appeal, we dismiss the appeal.  See Monreal, 
99 S.W.3d at 623; Stanley, 111 S.W.3d at 774-75; Sipple v. State, 
No. 10-00-233-CR, 2004 WL 406576, at *1 (Tex. App.—Waco Mar. 3, 2003, no pet. 
h.).
 
                                                          PER 
CURIAM
 
PANEL A:   GARDNER, 
J.; CAYCE, C.J.; and McCOY, J.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
April 29, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The clerk’s record was not filed until October 13, 2003.
3.  
The trial court signed a certification of Appellant’s right of appeal on 
September 5, 2003, but the court did not check the box on any of the five 
options on the form. On September 23, 2003, the court provided us with a 
completed, signed certification of Appellant’s right of appeal. When we 
received the clerk’s record in October, we had received all of the 
certification documents.