COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-228-CR

GILBERTO CARRILLO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Upon his plea of guilty pursuant to a plea bargain agreement, the trial court convicted Appellant Gilberto Carrillo of indecency with a child by exposure and sentenced him to four years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In three points, Appellant argues that the trial court erred by overruling his pretrial motions to quash and set aside the indictment.  Because Appellant has not preserved error, if any, we affirm the trial court’s judgment.

Appellant filed three motions to quash and set aside the indictment.  The first two motions were filed on December 9, 2005.  The third was filed April 7, 2006.  At some point thereafter, the indictment was amended to add a fourth count, alleging indecency with a child by exposure, and the State waived the first three counts.  On June 27, 2006, Appellant entered his written plea of guilty to the fourth count (the only live count) and expressly waived all pretrial motions.  He filed a pro se notice of appeal on July 10, 2006.

The trial court filed an amended certification of Appellant’s right to appeal in this case, indicating, in compliance with appellate rule 25.2,
(footnote: 2) that “the defendant’s appeal . . . is in a plea-bargain case, but is on matters that were raised by written motion filed and ruled on before trial, and the defendant has the right of appeal.”  That certificate, however, does not address Appellant’s express waiver of all pretrial motions.  Appellant has not challenged the validity of his waiver.  Because Appellant filed the motions to quash pretrial, and because he expressly waived all pretrial motions, he cannot now complain about the rulings on the motions.
(footnote: 3)  We therefore overrule Appellant’s three points.  Further, to the extent that Appellant complains about the denial of his motion for new trial without a hearing, we overrule such complaint as inadequately briefed.
(footnote: 4)
 Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 28, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tex. R. App.
 P. 25.2.

3:
See Stanley v. State
, 111 S.W.3d 773, 774-75 (Tex. App.—Fort Worth 2003, no pet.).

4:
See
 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001);
 Mosley v. State
, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).