COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-228-CR

 

 

GILBERTO CARRILLO                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Upon his plea of guilty pursuant to a plea
bargain agreement, the trial court convicted Appellant Gilberto Carrillo of
indecency with a child by exposure and sentenced him to four years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  In three points, Appellant
argues that the trial court erred by overruling his pretrial motions to quash
and set aside the indictment.  Because
Appellant has not preserved error, if any, we affirm the trial court=s
judgment.

Appellant filed three motions to quash and set
aside the indictment.  The first two
motions were filed on December 9, 2005. 
The third was filed April 7, 2006.  At some point thereafter, the indictment was
amended to add a fourth count, alleging indecency with a child by exposure, and
the State waived the first three counts. 
On June 27, 2006, Appellant entered his written plea of guilty to the
fourth count (the only live count) and expressly waived all pretrial
motions.  He filed a pro se notice of
appeal on July 10, 2006.








The trial court filed an amended certification of
Appellant=s right to appeal in this case,
indicating, in compliance with appellate rule 25.2,[2]
that Athe
defendant=s appeal . . . is in a
plea-bargain case, but is on matters that were raised by written motion filed
and ruled on before trial, and the defendant has the right of appeal.@  That certificate, however, does not address
Appellant=s express waiver of all pretrial
motions.  Appellant has not challenged
the validity of his waiver.  Because
Appellant filed the motions to quash pretrial, and because he expressly waived
all pretrial motions, he cannot now complain about the rulings on the motions.[3]  We therefore overrule Appellant=s three
points.  Further, to the extent that
Appellant complains about the denial of his motion for new trial without a
hearing, we overrule such complaint as inadequately briefed.[4]

Having overruled all of Appellant=s
points, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2007











[1]See Tex. R. App. P.
47.4.





[2]Tex. R. App. P. 25.2.





[3]See Stanley v. State, 111 S.W.3d 773, 774-75 (Tex. App.CFort Worth 2003, no pet.).





[4]See Tex. R. App. P. 38.1(h); Tong v.
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053 (2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim. App.
1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).