**DISMISS; Opinion Filed April 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00308-CR

**ROBERT EARL OLIVER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-60922-N**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Appellant Robert Earl Oliver entered a negotiated plea of guilty to the offense of murder and pleaded true to the indictment's two enhancement paragraphs that alleged prior felony convictions. The trial court found the enhancements true and, pursuant to the plea agreement, sentenced appellant to fifty years in prison. In one issue, appellant argues the trial court abused its discretion by previously granting the State's motion for mistrial. We dismiss the appeal for want of jurisdiction.

### DISCUSSION

Appellant's sole issue on appeal is that the trial court abused its discretion by granting the State's motion for mistrial. The State responds: (1) this is plea-bargained case and that appellant has not received permission to pursue the appeal from the trial court, nor does the instant appeal pertain to a written matter filed and ruled on before trial; (2) appellant waived his right to appeal

as part of the plea bargain agreement; (3) alternatively, the trial court did not abuse its discretion by granting the motion for mistrial.

Appellant was originally indicted for murder on November 7, 2011. He entered a plea of not guilty by reason of insanity and a jury was empaneled to determine his guilt or innocence. On March 5, 2013, after the jury was selected but before it was sworn as a whole or the trial testimony started, the trial court was informed that appellant's former girlfriend, who was not involved in the trial, had visited the jury room and provided information to three of the jurors. Specifically, the trial court heard evidence that the girlfriend entered the jury room when only the three jurors were present and showed them a picture on a cell phone. She told them that the cell phone picture was of appellant's ten-year-old son. Two of the jurors passed this information on to a fourth juror. The trial court ultimately granted the State's motion for mistrial over the defense's objection, concluding that the conduct involved was so highly prejudicial that the case should be tried to a different jury.

A competency hearing was later held on April 17, 2013, after which the trial court found appellant was incompetent to stand trial at that time and ordered him committed to the North Texas State Hospital, Vernon Campus, for a period of 120 days. On July 10, 2013, the trial court again found appellant mentally incompetent and ordered him committed to the North Texas State Hospital for a period not to exceed twelve months. Appellant was subsequently found competent to stand trial.

On February 18, 2014, appellant entered the negotiated plea of guilty to the offense and pleaded true to the indictment's two enhancement paragraphs. The plea papers signed by appellant and his attorney stated that the agreed sentence was 50 years; the trial court followed the agreement and sentenced appellant to fifty years in prison. The plea papers also had a check mark by the box that stated: "I understand that I have the right to appeal to the Court of Appeals.

After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing." Additionally, the following boxes were checked on the trial court's certification of the defendant's right to appeal, signed and dated by the trial court on February 18, 2014, and filed that same day: (1) this is plea-bargained case and the defendant has no right to appeal; (2) the defendant waived his right to appeal. Appellant and his attorney signed the certification. Appellant's handwritten notice of appeal was mailed on March 4, 2014. On March 5, 2014, the trial court appointed counsel to represent appellant on appeal.

Appellant is attempting to appeal the trial court's ruling granting the State's motion for mistrial, which he argues "falls within the spirit of the exemption that permits an appeal from any matter raised by a motion and ruled on before trial." *See* TEX. R. APP. P. 25.2(a)(2). The rule provides that in a plea-bargained case in which a defendant pleads guilty and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A), (B); TEX. CODE CRIM. PROC. ANN. art. 44.02. But a defendant may nonetheless waive the right to appeal pretrial motions if the waiver is made "voluntarily, knowingly, and intelligently." *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14; *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).

The record shows that appellant's guilty plea was accepted by the trial court and he was sentenced in accordance with the plea agreement to fifty years in prison. Appellant has not received permission to pursue this appeal from the trial court, nor does the appeal involve a written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2). Based on the plain

text of the rule, appellant has not met the requirements to pursue this appeal. *See id*. Furthermore, even if we assume for the sake of argument that the State's oral motion for mistrial, which was dictated to the court reporter, qualified as a written motion under rule 25.2(a)(2)(A), this appeal must be dismissed if we find that appellant validly waived his right to appeal.

A defendant in a noncapital case may waive any right secured him by law, including his right to appeal. *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000); *Stanley v. State*, 111 S.W.3d 773, 774 (Tex. App.—Fort Worth 2003, no pet.). A valid waiver of the right to appeal will prevent a defendant from appealing without the consent of the trial court. TEX. CODE CRIM. PROC. ANN. art. 1.14(a); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). When a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the court, his waiver is made knowingly, intelligently, and voluntarily. *See Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006).

Appellant argues that the language contained in the plea agreement is mere "boilerplate" "that other events occurring at trial can override." Indeed, a review of relevant authorities shows that, insofar as plea agreement provisions such as a waiver of the right to appeal are concerned, there are circumstances when a defendant's waiver of appeal will not be considered a binding element of the agreement. *See Thomas v. State*, 408 S.W.3d 877, 878 (Tex. Crim. App. 2013) (signing plea-admonishment form that included waiver of right to appeal did not waive right to appeal denial of motion to suppress; defendant did not plead guilty as part of negotiated plea bargain and gained nothing in way of favorable punishment by signing form; she failed to sign separate form dedicated to waiver of appeal; trial court did not discuss waiver during plea colloquy; neither party objected at conclusion of punishment hearing to admonishment that defendant could appeal any matter including adverse suppression ruling); *Ex Parte De Leon*, 400 S.W.3d 83, 89–90 (Tex. Crim. App. 2013) (because the pre-printed language in plea agreement

contained both a waiver of right to appeal and assertion that trial court's permission needed for appeal, this "ambiguity" necessitated considering the entire record, and since trial court at arraignment said defendant could appeal and prosecutor failed to object, trial court's statement prevailed; boilerplate waiver of appeal was not part of plea agreement and not intended to override trial court's permission to appeal); *Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) ("The record demonstrates that the failure to cross out the language waiving appeal in the plea forms was an oversight."); *Alzarka v. State*, 90 S.W.3d 321, 323–24 (Tex. Crim. App. 2002) ("the language about waiving appeal in the plea forms was an oversight" and "the record . . . rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal").

In the present case, however, the record shows that appellant waived his right to appeal. Although the record does not show that anyone specifically referenced appellant's waiver of his right to appeal at the February 18, 2014 plea hearing, the record does not rebut the waiver-of-appeal language in the written plea papers. In fact, the trial court expressly noted that appellant waived his right to appeal by checking that box on the separately signed and filed certification of defendant's right to appeal, and both appellant and his attorney signed the certification. As such, the record does not rebut the waiver-of-appeal language in the plea papers. *See, e.g.*, *Iles v. State*, 127 S.W.3d 347, 349–50 (Tex. App.—Houston [1st Dist.] 2004, no pet) (holding that where nothing in clerk's record or reporter's record expressly rebutted defendant's waiver of appeal in written plea papers, such a waiver of appeal was valid); *Jones v. State*, No. 01–11–00416–CR, 2012 WL 524441, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, no pet.) (mem. op.) (not designated for publication) (where defendant, in addition to signing written plea papers containing waiver of right to appeal, also signed trial court's certification of right to appeal, which noted that defendant waived right to appeal, the record showed defendant validly

waived the right to appeal).

Appellant also argues that the appointment of appellate counsel is a factor we should consider in determining whether the "boilerplate" waiver language in the plea papers was a binding element of the plea agreement. But the granting of a defendant's request for appointed counsel on appeal does not constitute an implied permission to appeal. *See Iles*, 127 S.W.3d at 350–51. As explained in *Iles*, it is incumbent on a trial court to appoint counsel and order a free record if it finds that the appellant remained indigent, regardless of whether it had granted permission to appeal. *Id*. at 351. For the reasons stated above, we therefore conclude appellant voluntarily, knowingly, and intelligently waived his right of appeal as part of his plea agreement with the State, and that appellant's appeal must be dismissed for want of jurisdiction. *See Marsh*, 444 S.W.3d at 660 (where record showed defendant validly waived right to appeal as part of plea bargain, court of appeals never acquired jurisdiction, such that purported appeal must be dismissed).

We dismiss the appeal for lack of jurisdiction.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140308F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL OLIVER, Appellant

No. 05-14-00308-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-60922-N.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED FOR WANT OF JURISDICTION**.

Judgment entered this 22nd day of April, 2015.