

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00261-CR
No. 02-22-00262-CR

_____

LEE VAUGHN JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F22-524-462, F22-525-462

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Lee Vaughn, Jr. was convicted by a jury on charges of possession of a controlled substance and possession of a controlled substance with intent to deliver (the Jury Convictions). The jury sentenced him to 2 years' and 16 years' confinement respectively. After the pronouncement of Vaughn's sentences for the Jury Convictions, a plea hearing was held at which Vaughn pleaded guilty to two other outstanding charges, one for felony assault and one for possession of marijuana (the Agreed Convictions). Vaughn seeks to appeal only the Jury Convictions, but the State has filed a motion to dismiss, arguing that Vaughn waived his right to appeal those convictions. We agree with the State and will dismiss Vaughn's appeals.

In exchange for Vaughn's guilty plea on the felony assault charge, the State agreed to reduce the charge to misdemeanor assault and to recommend his punishment to be one year in jail. On the possession of marijuana charge, Vaughn agreed to plead guilty for a recommended sentence of 12 months in state jail. The trial court accepted these plea agreements.

At the plea hearing for the Agreed Convictions, the following exchange occurred:

> Trial Court: My understanding also is that as part - - once the jury returned this that your attorney, with your agreement, and the State of Texas have worked out where you are gonna be disposing of the other two cases by plea and that - - and in addition to that, you will be waiving appeal in the two cases that went to jury trial. Is that your understanding?

2

Vaughn: Yes, ma'am.

Trial Court: So you know that you're not going to get another lawyer at this point since you've waived appeal?

Vaughn: Yes ma'am.

On the trial court certifications for the Jury Convictions, there is a marked-out "x" next to the option stating "is not a plea-bargain case, and the defendant has the right of appeal." Next to this "x" are what appear to be someone's handwritten initials, though it is not clear whose. Then, both certifications have a handwritten "x" next to the option stating "the defendant has waived the right of appeal." Both certifications are signed by the trial court, Vaughn, and Vaughn's trial attorney.

Five days after the plea hearing, Vaughn completed an application and affidavit of indigency which requested the trial court to appoint him counsel. The trial court then entered its "FINDING REGARDING INDIGENCE AND ORDER APPOINTING COUNSEL * * FOR APPEAL * *" (Indigence Order). The caption of the Indigence Order contains all four cause numbers representing the Jury Convictions and Agreed Convictions. The Indigence Order found "that [Vaughn] is indigent, or justice otherwise requires appointment of counsel" and appointed Vaughn's appellate counsel to represent him. At the bottom of the Indigence Order is a handwritten note that states: "Please note that Vaughn waived appeal on all cases as part of plea bargain on remaining cases."

In its motion to dismiss, the State argues that the record shows that Vaughn knowingly, intelligently, and voluntarily waived his right to appeal the Jury Convictions. In his response, Vaughn generally denied all of the allegations in the State's motion and "aver[red] that he did not voluntarily waive appeal" of the Jury Convictions. Vaughn's appellate counsel also stated that he was "in the process of procuring [Vaughn's] statement in opposition to the State's motion" by way of an affidavit that was mailed on January 24, 2023, to Vaughn—who is incarcerated—for his signature. Vaughn's counsel stated that he intended to supplement the record once the affidavit was returned to him, which has not occurred as of the writing of this opinion.

Other than the general denial of the State's allegations, Vaughn's response did not point to any evidence in the record to support his contention that his waiver was involuntary. Further, Vaughn did not file a motion for new trial and did not raise the issue of involuntary waiver in his notice of appeal or in his appellate brief.[1]

A defendant in a criminal action has a right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02. But a defendant in a non-capital case may waive any rights secured to him by law, including his right to appeal. Tex. Code Crim. Proc. Ann. art. 1.14(a); *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Delaney*,

---

[1]Vaughn filed his appellant's brief on January 11, 2023; the sole issue raised in his brief concerns jury charge error.

4

207 S.W.3d at 796. "A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently." *Id.* at 796–97. When a defendant waives his right to appeal as part of an agreement on sentencing and the trial court follows the terms of that agreement, the waiver is made knowingly, intelligently, and voluntarily. *See id.* at 798–99; *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Such a waiver can be made orally or in writing. *Moreno v. State*, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.). An appeal must be dismissed if the trial court certification, as supported by the record, does not show the defendant has a right of appeal. Tex. R. App. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

In light of the record before us, we must dismiss Vaughn's appeals. The record establishes that he made a knowing, intelligent, and voluntary waiver of his right to appeal the Jury Convictions at the plea hearing as part of his plea bargains on the Agreed Convictions. The trial court accepted and sentenced Vaughn in keeping with these plea bargains and made it clear on the trial court certifications—which Vaughn also signed—and the Indigence Order that Vaughn had waived his right to appeal. Additionally, at no point has Vaughn pointed to, alleged, or sought to develop any particular facts to support his contention that his waiver was involuntary. *See Stanley v. State*, 111 S.W.3d 773, 775 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh'g) (dismissing appeal because there was no evidence in the record to support appellant's allegations of involuntary waiver and because appellant did not file a motion for new

trial in an attempt to establish such evidence); *Smith v. State*, 858 S.W.2d 609, 611–12 (Tex. App.—Amarillo 1993, pet ref'd) (holding that appellant was not entitled to evidentiary hearing to develop evidence of involuntary waiver of right to appeal when he did not first raise the issue with the trial court or by a motion for new trial); *see also Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (op. on reh'g) (declining to consider issue of waiver of right to appeal because "[t]here were no allegations or proof at the habeas corpus proceedings that the waiver of the right of appeal was coerced or involuntary, and there is nothing in the record suggesting coercion or involuntariness").

For these reasons, we must dismiss Vaughn's appeals.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 23, 2023