

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00261-CR
No. 02-22-00262-CR

_____

LEE VAUGHN JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court Nos. F22-524-462, F22-525-462

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion on Rehearing by Justice Walker

**MEMORANDUM OPINION ON REHEARING[1]**

Appellant Lee Vaughn, Jr. was convicted by a jury on charges of possession of a controlled substance and possession of a controlled substance with intent to deliver (the Jury Convictions). The jury sentenced him to 2 years' and 16 years' confinement respectively. After the pronouncement of Vaughn's sentence for the Jury Convictions, a plea hearing was held at which Vaughn pleaded guilty to two other outstanding charges, one for felony assault and one for possession of marijuana (the Agreed Convictions). Vaughn seeks to appeal only the Jury Convictions, but the State has filed a motion to dismiss, arguing that Vaughn waived his right to appeal those convictions. We agree with the State and will dismiss Vaughn's appeals.

In exchange for Vaughn's guilty plea on the felony assault charge, the State agreed to reduce the charge to misdemeanor assault and to recommend his punishment to be one year in jail. On the possession of marijuana charge, Vaughn agreed to plead guilty for a recommended sentence of 12 months in state jail. The trial court accepted these plea agreements.

At the plea hearing for the Agreed Convictions, the following exchange occurred:

---

[1]We issued our original memorandum opinion on March 23, 2023. Vaughn then filed a motion for rehearing. We deny Vaughn's motion for rehearing as moot, withdraw our prior memorandum opinion, and substitute this memorandum opinion on rehearing in its place.

Trial Court: My understanding also is that as part - - once the jury returned this that your attorney, with your agreement, and the State of Texas have worked out where you are gonna be disposing of the other two cases by plea and that - - and in addition to that, you will be waiving appeal in the two cases that went to jury trial. Is that your understanding?

Vaughn: Yes, ma'am.

Trial Court: So you know that you're not going to get another lawyer at this point since you've waived appeal?

Vaughn: Yes ma'am.

Both of the trial court certifications for the Jury Convictions were originally marked as showing that Vaughn had a right to appeal. However, they were amended to reflect that Vaughn had in fact waived this right, and Vaughn acknowledged the amendments with his initials:

**TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL**

I, judge of the trial court, certify this criminal case:

___X___ is not a plea-bargain case, and the defendant has the right of appeal.

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.

_____ is a plea-bargain case, and the defendant has NO right of appeal.

_____ the defendant has waived the right of appeal.

_____ involves another appealable order (specify: _____ ).

The certifications were also signed by the trial court, Vaughn, and Vaughn's trial attorney.

3

Five days after the plea hearing, Vaughn completed an application and affidavit of indigency which requested the trial court to appoint him counsel. The trial court then entered its "FINDING REGARDING INDIGENCE AND ORDER APPOINTING COUNSEL * * FOR APPEAL * *" (Indigence Order). The caption of the Indigence Order contains all four cause numbers representing the Jury Convictions and Agreed Convictions. The Indigence Order found "that [Vaughn] is indigent, or justice otherwise requires appointment of counsel" and appointed Vaughn's appellate counsel to represent him. At the bottom of the Indigence Order is a handwritten note that states: "Please note that Vaughn waived appeal on all cases as part of plea bargain on remaining cases." Vaughn did not file a motion for new trial and did not raise the issue of involuntary waiver in his notice of appeal or in his appellate brief.[2]

In its motion to dismiss, the State argues that the record shows that Vaughn knowingly, intelligently, and voluntarily waived his right to appeal the Jury Convictions. In response, Vaughn generally denied all of the allegations in the State's motion and filed an affidavit in which he attested that:

- "I was represented at trial by John Holland."

---

[2]Vaughn filed his appellant's brief on January 11, 2023; the sole issue raised in his brief concerns jury charge error.

4

- "At the conclusion of my trial, I met with my attorney, Mr. Holland. Mr. Holland advised me of my right to appeal the verdicts and sentences in [the Jury Conviction cases]. I advised Mr. Holland that I wished to appeal."

- "I recall signing a document indicating I wished to appeal. I initialed next to the option indicating I had the right to appeal. Mr. Holland signed this document as well."

- "Mr. Holland advised me that the State had offered to plead the [Agreed Conviction] cases if I agreed to waive trial and waive appeal on those cases. I agreed. I signed paperwork admitting guilt, pleading guilty, and waiving trial and appeal in those cases."

- "At no time did I sign paperwork waiving appeal in [the Jury Conviction cases]. At no time did I voluntarily agree to waive appeal in those cases."

- "I have reviewed the State's motion to dismiss this appeal. To the extent the waiver relied upon by the State was made, it was made unintentionally and involuntarily."

- "I have reviewed the trial court's certification of appeal in these cases. I acknowledge my signature and initials on that document. I acknowledge that the certification now appears to state I waived appeal. However, the version of the document I signed indicated I had the right to appeal, and I intended my signature to mean that I wished to appeal those cases."

- "I have reviewed the transcript of my plea hearing. I acknowledge the trial court's admonition that I would be 'waiving appeal in the two cases that went to jury trial.' I acknowledge my affirmative answer, however at the time of that colloquy, I must have been confused about which cases the trial court was referencing."

- "I agreed to waive appeal in the two cases I pled guilty to. I did not intend to waive appeal in [the Jury Conviction cases], and I would not have agreed to any plea agreements that included such a waiver.

5

Thus, Vaughn's argument in opposition to the State's motion is that he misunderstood the situation when he orally waived appeal of the Jury Convictions and when he initialed the trial court certifications indicating the same.

A defendant in a criminal action has a right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02. But a defendant in a non-capital case may waive any rights secured to him by law, including his right to appeal. Tex. Code Crim. Proc. Ann. art. 1.14(a); *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006). A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Delaney*, 207 S.W.3d at 796. "A valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently." *Id.* at 796–97. When a defendant waives his right to appeal as part of an agreement on sentencing and the trial court follows the terms of that agreement, the waiver is made knowingly, intelligently, and voluntarily. *See id.* at 798–99; *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Such a waiver can be made orally or in writing. *Moreno v. State*, 327 S.W.3d 267, 268 (Tex. App.—San Antonio 2010, no pet.). An appeal must be dismissed if the trial court certification, as supported by the record, does not show the defendant has a right of appeal. Tex. R. App. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

In light of the record before us, we must dismiss Vaughn's appeals. The record establishes that he made a knowing, intelligent, and voluntary waiver of his right to appeal the Jury Convictions at the plea hearing as part of his plea bargains on the

6

Agreed Convictions. Vaughn's attorney was present when Vaughn made this oral waiver, and no objection or other protest was raised against it. The trial court accepted and sentenced Vaughn in keeping with the plea bargains. Vaughn's waiver was also reduced to writing in both the Indigence Order and the trial court certifications—which Vaughn signed and initialed indicating that he approved the amendments from "defendant has the right of appeal" to "defendant has waived the right of appeal."

We also note that at no point prior to responding to the State's motion to dismiss did Vaughn ever highlight, allege, or seek to develop any particular facts to support his contention that his waiver was involuntary. *See Stanley v. State*, 111 S.W.3d 773, 775 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh'g) (dismissing appeal because there was no evidence in the record to support appellant's allegations of involuntary waiver and because appellant did not file a motion for new trial in an attempt to establish such evidence); *Smith v. State*, 858 S.W.2d 609, 611–12 (Tex. App.—Amarillo 1993, pet ref'd) (holding that appellant was not entitled to evidentiary hearing to develop evidence of involuntary waiver of right to appeal when he did not first raise the issue with the trial court or by a motion for new trial); *see also Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (op. on reh'g) (declining to consider issue of waiver of right to appeal because "[t]here were no allegations or proof at the habeas corpus proceedings that the waiver of the right of appeal was

coerced or involuntary, and there is nothing in the record suggesting coercion or involuntariness").

For the reasons set forth above, the record does not support Vaughn's contention of involuntary waivers of appeal. His attestations that he misunderstood the proceedings are not enough to overcome the clear waivers he made to the court—both orally and in writing—in the presence of his attorney. *See Byland v. State*, No. 08-06-00309-CR, 2006 WL 3683843, at *1–2 (Tex. App.—El Paso Dec. 14, 2006, no pet.) (mem. op., not designated for publication); *Warren v. State*, No. 09-96-098 CR, 1998 WL 44935, at *1–2 (Tex. App.—Beaumont Feb. 4, 1998, no pet.) (not designated for publication); *Smith*, 858 S.W.2d at 611–12.

Accordingly, we must dismiss Vaughn's appeals.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 20, 2023